NEWMAN, Circuit Judge,
concurring.
I join the court’s holding that a voluntary waiver of the attorney-client privilege and work product protection as to patent opinion counsel is not a waiver of any privilege or protection as to litigation counsel. I also agree with the separate *1385 decision to overrule Underwater Devices, but only because that case has been misapplied, in the extremis of high-stakes litigation, to mean that “due care” requires more than the reasonable care that a responsible enterprise gives to the property of others. The obligation to obey the law is not diminished when the property is “intellectual.” However, experience, and the exhortations of the amici curiae, have persuaded me that we should reduce the opportunities for abusive gamesmanship that the “due care” standard apparently has facilitated.
The thrust of Underwater Devices was that patent property should receive the same respect that the law imposes on all property. Industrial innovation would falter without the order that patent property contributes to the complexities of investment in technologic R & D and commercialization in a competitive marketplace. The loser would be not only the public, but also the nation’s economic vigor. So I am sympathetic when told of the disproportionate burdens that a rigorous reading of Underwater Devices has placed on otherwise law-abiding commercial enterprise. Thus, to the extent that Underwater Devices has been applied as a per se rule that every possibly related patent must be exhaustively studied by expensive legal talent, lest infringement presumptively incur treble damages, I agree that the standard should be modified.
Although new uncertainties are introduced by the court’s evocation of “objective standards” for such inherently subjective criteria as “recklessness” and “reasonableness,” I trust that judicial wisdom will come to show the way, in the common-law tradition. The standards of behavior by which a possible infringer evaluates adverse patents should be the standards of fair commerce, including reasonableness of the actions taken in the particular circumstances. It cannot be the court’s intention to tolerate the intentional disregard or destruction of the value of the property of another, simply because that property is a patent; yet the standard of “recklessness” appears to ratify intentional disregard, and to reject objective standards requiring a reasonable respect for property rights.
The remedial and deterrent purposes of multiplied damages, and their measure for a particular case, are best established by the district court in light of the original purposes of 35 U.S.C. § 284, as set forth in Judge Gajarsa’s concurring opinion. The fundamental issue remains the reasonableness, or in turn the culpability, of commercial behavior that violates legally protected property rights.